IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 10-07183-8-JRL |
| ) | |
| GLENN EARL MCGEE, ) | CHAPTER 7 PROCEEDING |
| ) | |
| ) | |
| DEBTOR(S) ) | |

### MOTION TO DISMISS CHAPTER 7 PROCEEDING
### PURSUANT TO 11 U.S.C. § 707(b)(1)

**NOW COMES,** the Bankruptcy Administrator for the Eastern District of North Carolina, by and through her undersigned counsel, and moves the Court for an order dismissing the Debtor's Chapter 7 case pursuant to 11 U.S.C. § 707(b)(1). The Bankruptcy Administrator supports the motion in the following:

### GENERAL ALLEGATION AND JURISDICTION

1. The Debtor filed a voluntary petition for Chapter 7 relief on September 3, 2010. On October 5, 2010, the Debtor appeared at the meeting of creditors. The Chapter 7 Trustee has entered a "report of no distribution" in the case.

2. The Bankruptcy Administrator filed a statement of presumed abuse on October 15, 2010. This motion is timely filed pursuant to 11 U.S.C. § 704(b)(2).

### DEBTOR'S SCHEDULES, STATEMENT OF AFFAIRS AND FORM 22A

3. The Debtor's schedules state that he has $28,760.37 of secured debts, $0.00 of priority unsecured debts, and $43,606.79 of non-priority unsecured debts. The Debtor's debts are primarily consumer debts.

4. The Debtor is married and does not show any dependents.

5. On Schedule I of the Debtor's petition, the Debtor states that he is the Lead Correctional Officer for the NC Department of Corrections. The form states that he earns $2,915.83 per month in gross wages. He deducts from his wages: taxes ($553.85), insurance ($24.56), union dues ($9), mandatory retirement ($174.95), 401(k) contributions ($20), 457 retirement savings ($20) and 457 loan repayment ($31.47). The Bankruptcy Administrator does not dispute the Debtor's Schedule I income and deductions.

The Debtor also operates a lawn care business. According to his petition, the gross business revenue is $541.67 per month and the business expenses are $648.67 per month. Therefore, the Debtor does not net any positive income from his lawn care business.

6. On Schedule I of the Debtor's petition, the non-filing spouse shows that she, too, works for the NC Department of Corrections. The form states that she earns $2,791.30 per month in gross wages. She deducts from her pay: taxes ($461.87), insurance ($82.79), mandatory retirement ($167.48) and 457 savings plan ($35). The Bankruptcy Administrator does not dispute the non-filing spouse's Schedule I income and deductions.

7. The total gross household income, including the Debtor's lawn care revenue, is $6,248.80 -- $74,985.60 annually. After payroll deductions and business expenses, the total net household income is $4,126.16 per month.

8. The Debtor's expenses on Schedule J do not appear to be excessive in nature. Though a few adjustments could be made to the Debtor's budget, any adjustment would not affect the bottom-line. Of note, however, the Bankruptcy Administrator does believe that the non-filing spouse has overstated her separate, non-household expenses by $200.

She states on her separate Schedule J that she expends $200 per month for health insurance. However, after reviewing the 2004 documentation provided by the Debtor, it appears that the non-filing spouse does not pay for any additional health insurance, other than what is deducted from her pay stubs.

9. The Bankruptcy Administrator believes that the Debtor has miscalculated his Current Monthly Income ("CMI") and has overstated certain deductions listed in his Marital Adjustment in Form B22A ("Means Test"). On the Means Test, the Debtor shows his six month wage average of $3,915.48[1], the non-filing spouse's six month wage average of $2,791.30, business income/business expenses that result in a $0 profit and $130 as income being contributed towards the payment of the Debtor's Timeshare expenses. After reviewing the Debtor's bank statements during the relevant Means Test period, it was discovered that the Debtor deposited (separate and apart from his wage earnings) a total $8,737 in random deposits. The six month average for this figure is $1,456 per month. From here, the Bankruptcy Administrator subtracts out the Debtor's business revenue of $533.33 and the $130 for the Timeshare expenses, which leaves a monthly average of $793 in random "unaccounted for" deposits. The Debtor should be required to include the "unaccounted for" random deposits as income on his Means Test.

10. Aforementioned, the non-filing spouse overstated her health insurance costs on Schedule J by $200. On the Means Test, within the marital adjustment, the Debtor lumps all of the non-filing spouse's separate, non-household expenses into the marital adjustment. Once Schedule J is reduced to reflect the incorrect $200 in health insurance

---

[1] The Debtor's six month wage earnings are higher than his Schedule I income, because he was receiving substantial overtime hours. After reviewing information from the Debtor's employer, the Bankruptcy Administrator has confirmed that the Debtor's overtime hours will be drastically reduced.

for the non-filing spouse, then the marital adjustment deduction will also be reduced by $200.

11. Once the Debtor includes the $793 in "unaccounted for" random deposits and reduces the marital adjustment by $200, then the Debtor's CMI will be $6,081.30. This amendment will result in a monthly disposable income of $842.47.

## BASIS FOR DISMISSAL

12. The Debtor's case should be dismissed pursuant to 11 U.S.C. § 707(b)(1). The Debtor has miscalculated his Current Monthly Income by nearly $993, which results in a monthly disposable income of $842.47. Once the Debtor makes the necessary adjustments to his Means Test, his monthly disposable income, when multiplied over sixty months, comes to $50,548.20. This amount would yield a 100% distribution to unsecured creditors.

**WHEREFORE,** the Bankruptcy Administrator respectfully moves the Court for entry of an order which grants dismissal of the Debtor's case pursuant to 11 U.S.C. § 707(b)(1), and any other relief that this Court may deem just and equitable.

Respectfully submitted, this 10th day of November, 2010.

                                            Marjorie K. Lynch
                                            Bankruptcy Administrator

By:   /s/ Brian C. Behr
        Brian C. Behr
        Staff Attorney
        434 Fayetteville Street, Suite 620
        Raleigh, NC 27601
        (919) 856-4886

**CERTIFICATE OF SERVICE**

       I, Rick P. Hinson, of 434 Fayetteville Street, Suite 620, North Carolina, 27601, certify:

       That I am, and at all times hereinafter mentioned was, more than eighteen (18)

       That on the 10th day of November, 2010, I served copies of the foregoing document on the following:

John T. Orcutt
Debtor's Attorney

Richard Dewitte Sparkman
Chapter 7 Trustee

by electronic service via cm/ecf, and

by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail on November 10, 2010 to the following:

Glenn Earl McGee
PO Box 325
Macon, NC 27551

       I certify under penalty of perjury that the foregoing is true and correct.

       Dated this 10th day of November, 2010.

       /s/ Rick P. Hinson
       Rick P. Hinson
       Bankruptcy Analyst