VAN–073 Order On Reaffirmation Agreement – Rev. 09/03/2010

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

Room 209, 300 Fayetteville Street
P.O. Drawer 1441
Raleigh, NC 27602–1441

IN RE:
Glenn Earl McGee
PO Box 325
Macon, NC 27551

CASE NO.: 10–07183–8–JRL

DATE FILED: September 3, 2010

CHAPTER: 7

Order On Reaffirmation Agreement Signed By Glenn Earl McGee and

Upon motion for approval of the reaffirmation agreement made between the debtor(s) and Branch Banking & Trust Company, filed on 11/05/2010, and after notice to both parties, the court held the hearing required by 11 U.S.C. § 524(d).

COURT ORDER:

- ☑ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

- ☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

- ☐ The court does not approve the reaffirmation agreement.

- ☐ The debtor's attorney requested a copy of the loan documents from the creditor, but has received no response. The court cannot determine whether the loan documents contain a bankruptcy default clause, and thus cannot find that the reaffirmation agreement is in the debtor's best interest. The reaffirmation agreement is not approved. Because the reaffirmation agreement is not approved through no fault of the debtor(s), the creditor will not have the benefits of 11 U.S.C. §§521(d) and 362(h). Coastal Federal Credit Union v Hardiman, 398 B.R. 161 (E.D.N.C. 2008).

- ☐ The court finds that the reaffirmation agreement imposes an undue hardship because the debtor(s) cannot afford the payments, and the reaffirmation agreement is not approved. Because the reaffirmation agreement is not approved through no fault of the debtor(s), the creditor will not have the benefits of 11 U.S.C. §§521(d) and 362(h). Coastal Federal Credit Union v Hardiman, 398 B.R. 161 (E.D.N.C. 2008).

- ☐ The court finds that the reaffirmation agreement is not in the debtor's best interest because the value of the vehicle is less than the amount of the debt, and the reaffirmation agreement is not approved. Because the reaffirmation agreement is not approved through no fault of the debtor(s), the creditor will not have the benefits of 11 U.S.C. §§521(d) and 362(h). Coastal Federal Credit Union v Hardiman, 398 B.R. 161 (E.D.N.C. 2008).

DATED: December 8, 2010

J. Rich Leonard
United States Bankruptcy Judge